[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 16, 2011
JOHN LEY
CLERK

No. 10-15322
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-20074-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMIL MURNI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 16, 2011)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges

PER CURIAM:

Jamil Murni appeals his 45-month sentence, imposed pursuant to his guilty plea

to wire fraud, in violation of 18 U.S.C. § 1343.  On appeal, Murni argues that the

district court mistakenly applied a sophisticated means sentencing enhancement to his sentence by creating a per se rule that the use of a shell corporation in the commission of a fraud was sophisticated means. After thorough review, we affirm.

We review a district court's "findings of fact related to the imposition of sentencing enhancements, including a finding that the defendant used sophisticated means, for clear error." United States v. Ghertler, 605 F.3d 1256, 1267 (11th Cir. 2010) (quotation omitted). A finding of fact is clearly erroneous when we are "left with the definite and firm conviction that a mistake has been committed." United States v. Robertson, 493 F.3d 1322, 1330 (11th Cir. 2007) (quotation omitted). However, we review "any rulings of law made by the district court in conjunction with the sophisticated means enhancement de novo." United States v. Barakat, 130 F.3d 1448, 1456 (11th Cir. 1997).

Sophisticated means are defined as "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense . . . Conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts also ordinarily indicates sophisticated means." U.S.S.G. § 2B1.1(b)(9)(C) & cmt. n.8(B). A sophisticated means enhancement does not require every action taken in furtherance of the fraud be

2

sophisticated, but rather that the "totality of the scheme was sophisticated." Ghertler, 605 F.3d at 1267.

Here, the record shows that the district court did not rule based solely on the existence of a shell corporation and instead properly considered the totality of the scheme. The court specifically noted: (1) the registration of the fictitious company, Sea Fuels Trading ("SFT"); (2) the opening of a bank account for SFT; (3) the use of separate addresses in those two transactions; (4) Murni's application as SFT to be a fuel supplier for Royal Caribbean Cruise Lines ("RCCL"); (5) the use of a false address, the creation of company officers, and the use of his son's social security number for a false officer in that application; (6) the actual conduct that Murni undertook as SFT once the application was granted -- buying cheaper fuel from competitors, sometimes with cashier's checks and sometimes in the amounts of hundreds of thousands of dollars, and then billing RCCL for the fuel as SFT at an inflated price; and (7) the fact that this scheme "was repeated over 100 times." The record therefore fails to show a per se rule, as it indicates that a shell corporation was not the sole factor in the district court's decision and does not hint that a shell corporation alone would be enough to warrant a sentence enhancement in future cases.

Nor does the record reveal that the imposition of the sophisticated means enhancement constituted clear error. The Guidelines note that hiding assets or transactions through the use of a corporate shell "ordinarily indicates sophisticated means," U.S.S.G. § 2B1.1 cmt. n.8(B), and given the number of factors the district court considered in properly applying the totality of the scheme test, we are not left with a definite and firm conviction that the district court committed a mistake in its analysis. Murni has not met his burden to show clear error, and we affirm.

**AFFIRMED.**